**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

IN THE MATTER OF THE EXTRADITION

      OF                                           **MEMORANDUM AND ORDER**
                                                              12-MJ-512 (SMG)

KAMARA GBESSAY

-------------------------------------------------------------X
**Gold, S., U.S.M.J.:**

## Introduction

Petitioner, the United States of America, acting on behalf of the Government of Belgium, seeks the extradition to Belgium of Kamara Gbessay, a citizen of Sierra Leone. The Government's request is made pursuant to 18 U.S.C. § 3184 and the Extradition Treaty Between the United States of America and the Kingdom of Belgium (the "Treaty"), Docket Entry 10-1, at 5-16.

Gbessay was arrested in Brussels on May 20, 2001 on narcotics charges. Extradition Request, Docket Entry 10-2, ¶ 4. After obtaining pretrial release, Gbessay fled. Gbessay was then tried in absentia, convicted, and sentenced to prison for six years. *Id*.

Gbessay was arrested on June 1, 2010 in connection with narcotics charges pending in the Southern District of New York and was prosecuted there under the name Gilbrilla Kamara. (Belgium's extradition request lists Gibril Kamara as an alias used by Gbessay, and Gbessay does not dispute that he is the same person who was prosecuted under the name Gilbrilla Kamara in the Southern District of New York. Extradition Request, ¶ 1.) Gbessay was convicted in the Southern District case upon his plea of guilty to conspiring to import cocaine and sentenced to prison for twenty years. *See* Docket, *United States v. Gilbrilla Kamara*, 10-CR-457 (S.D.N.Y.), available in the record of this case at Docket Entry 31-1.

Gbessay has raised various challenges to extradition. Gbessay at one time asserted that his extradition was barred by an applicable statute of limitations. *See* Gbessay Letter to Court dated Feb. 14, 2013, Docket Entry 18. Gbessay has also challenged extradition on grounds of undue delay and absence of probable cause. Gbessay Mem. of Law, Docket Entry 29.

I held a hearing in this matter on August 6, 2013. At that time, Gbessay withdrew his limitations contention and I denied Gbessay's challenge based on undue delay for reasons I stated on the record. I reserved decision with respect to Gbessay's challenge to probable cause. Docket Entry 33. The Government and Gbessay then submitted post-hearing letters concerning probable cause. Docket Entries 34, 35. For the reasons stated below, I find that probable cause has been established. Accordingly, Gbessay's motion to dismiss these extradition proceedings is denied, and a certificate of extraditability will issue.

## **Discussion**

To support an extradition request, the prosecution need only meet the relatively modest burden of demonstrating probable cause. This is made clear in the Treaty itself, which provides that a request for extradition must be supported by "such information as would justify the committal for trial of the person if the offense had been committed in the Requested State." Treaty, Article 7, § 3(c). In determining whether probable cause has been established, a court must consider the "totality-of-the-circumstances." *Illinois v. Gates*, 462 U.S. 213, 238 (1983); *see also Extradition of Atta*, 1988 WL 66866, at *4 (E.D.N.Y. June 17, 1988) (defining probable cause as "evidence sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the accused's guilt") (internal quotation marks omitted).

Belgium's Extradition Request includes a recitation of the following supporting facts. Law enforcement officers came upon an abandoned suitcase at Brussels National Airport on May 19, 2001. Extradition Request ¶ 6. The officers determined that the suitcase contained more than six kilograms of cocaine and apparently belonged to a woman named Karen Maguire who was staying at the Tulip Inn Hotel in Brussels. *Id.* The officers arranged a controlled delivery of the luggage to Maguire and then promptly placed her under arrest. *Id.* Maguire admitted her involvement and stated that she had been hired to smuggle the cocaine by someone she did not know, but who was based in Amsterdam. *Id.* Maguire agreed to contact the individual, who advised her that someone would come to the hotel to pick up the suitcase containing the cocaine. *Id.* Gbessay and another individual subsequently arrived at the hotel, came to Maguire's hotel room and were immediately arrested. *Id.*

At the hearing on August 6, Gbessay argued that these facts failed to demonstrate that Gbessay was aware of the contents of the suitcase and were therefore insufficient to support a probable cause finding. Also during the hearing, I pointed out that the facts recited in the Extradition Request did not indicate the amount of time that passed after Maguire spoke to her contact in Amsterdam but before Gbessay arrived with his companion. However, I permitted the Government to submit additional information in support of its position. The Treaty specifically permits a requested state to seek additional information from a requesting state. Treaty § 7 bis.

The Government filed a supplemental letter on September 9, 2013. Docket Entry 34. Included with its letter was a submission from the Belgian authorities with additional facts about the circumstances leading up to Gbessay's arrest in Belgium. According to this new submission, Maguire identified the person from Amsterdam for whom she was carrying the cocaine as

3

"Malik."  The submission also indicates that Maguire called Malik sometime in the morning of May 20, that Malik told her to wait in her hotel room for someone to pick up the drugs and pay her, and that Gbessay and another person arrived at the hotel room in the early afternoon.  Once under arrest, Gbessay was questioned and made statements.  He acknowledged knowing Malik but denied any involvement with narcotics; rather, he claimed Malik knew that he, Gbessay, would be travelling from Amsterdam to Brussels and asked him to go to the Tulip Inn Hotel to bring Malik's "girlfriend" – presumably Maguire – some money.

Gbessay's arrival at the hotel room shortly after Maguire's call with Malik, together with his admission that he knew Malik, at least arguably provides adequate probable cause for his extradition.  The extradition request before the Court in this case, though, is supported by additional facts that are more than sufficient to clearly establish ample probable cause.

First, as noted above, Gbessay fled after securing pretrial release in Belgium.  "Flight . . . is a legitimate ground from which to infer guilt . . . ."  *Eain v. Wilkes*, 641 F.2d 504, 511 (7th Cir. 1981) (citing cases); *see also United States v. Al-Sadawi*, 432 F.3d 419, 424 (2d Cir. 2005) (pointing out that "[i]t is well-settled that flight can, in some circumstances, evidence consciousness of guilt"); *Hussain v. Woods*, 2011 WL 1486555, at *11 (E.D.N.Y. Apr. 19, 2011) (noting that "evidence of flight is relevant because it is probative of consciousness of guilt, which is probative of guilt itself").

Second, and of even greater probative force, Gbessay, through his counsel, admitted his involvement in international narcotics trafficking to the judge presiding over his prosecution in the Southern District of New York.  Gbessay's attorney in the Southern District case submitted a sentencing memorandum in which she acknowledged that Gbessay "has admitted to distributing

4

cocaine in Africa and Holland." *United States v. Kamara*, 10-CR-457, Docket Entry 65, at 10. In addition, Gbessay was convicted in the Southern District of New York upon his plea of guilty to conspiring to import cocaine in violation of 21 U.S.C. § 963. *United States v. Kamara*, 10-CR-457, Judgment in a Criminal Case, Docket Entry 71. These additional facts provide compelling evidence that Gbessay was not, as he claimed after his arrest, at Maguire's hotel for an innocent purpose. Accordingly, and having considered the totality of the circumstances, I find that the Government has established probable cause to believe that, when he arrived at the hotel, Gbessay knowingly participated in a conspiracy to import cocaine.

## Conclusion

For the reasons stated above, I find that there is sufficient evidence to support a probable cause finding. Accordingly, the Government's request for a certificate of extraditability is granted. The Government shall promptly submit an appropriate certificate for execution by the Court.

SO ORDERED.

/s/
_____
**STEVEN M. GOLD**
**United States Magistrate Judge**

**Brooklyn, New York**
**October 9, 2013**

*U:\smg current docs\gbessay 100913.docx*